IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION No. 06-243-3 |
| v. | CIVIL ACTION No. 11-3344 |
| SAMMER YASIN | |

**MEMORANDUM**

Juan R. Sánchez, J.                                                            June 24, 2013

Defendant Sammer Yasin, a prisoner in federal custody, has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, arguing he received ineffective assistance of counsel. The Government asks this Court to dismiss Yasin's § 2255 motion on the grounds the motion was filed beyond the applicable limitations period and is barred by the appellate waiver provision of Yasin's guilty plea agreement. For the reasons set forth below, Yasin's § 2255 motion will be dismissed.

**FACTS**

Yasin was charged in a superseding indictment with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); interference with interstate commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); using and carrying, and aiding and abetting the use and carrying of, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 3); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 4); and making a false statement to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Count 5). On March 30, 2007, Yasin pleaded guilty to all counts pursuant to a written guilty plea agreement.

In the plea agreement, Yasin "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to [his] prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291,

28 U.S.C. § 2255, or any other provision of law." Guilty Plea Agreement ¶ 10. This broad appellate waiver provision is subject to certain limited exceptions. First, the plea agreement provides the waiver is "not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived." *Id.* Second, the plea agreement permitted Yasin to file a direct appeal of his sentence if the Government appealed from the sentence. *See id.* ¶ 10(a). Third, in the event the Government did not appeal, the plea agreement permitted Yasin to file a direct appeal raising only claims that

(1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 7 above;

(2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; [or]

(3) the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

*Id.* ¶ 10(b).

At the change of plea hearing, this Court reviewed the terms of the guilty plea agreement, including the appellate waiver provision, with Yasin.[1] As to the appellate waiver provision in particular, the Court explained that by pleading guilty Yasin was giving up his appellate rights, including not only the right to file a direct appeal but also the right to file a habeas corpus motion asking the Court to vacate, set aside, or correct any sentence. Yasin confirmed he understood he was waiving these appellate rights. The Court also reviewed with Yasin the limited circumstances in which he would be permitted to appeal notwithstanding the waiver. Yasin again confirmed he

---

[1] Although the change of plea hearing was not transcribed, this Court has reviewed an audio recording of the hearing. The discussion herein of what transpired at the change of plea hearing is based on this Court's review of the audio recording of the hearing.

2

understood and had no questions. Upon finding that Yasin was competent and understood the nature of the charges against him and the maximum sentences he was facing; that his decision to plead guilty was knowingly, voluntarily, and intelligently exercised; and that there was an independent factual basis for the guilty plea, this Court accepted Yasin's guilty plea.

On October 27, 2009, the Court sentenced Yasin to 78 months of imprisonment, consisting of 18 months on each of Counts 1, 2, 4, and 5, to be served concurrently, and 60 months on Count 3, to be served consecutively to the sentence imposed on the remaining Counts. The sentence imposed represented a significant downward departure from Yasin's effective advisory Guidelines range of 121–130 months, which included a mandatory minimum consecutive sentence of 84 months on Count 3 (the § 924(c) count). Indeed, the entire sentence was below the 84-month mandatory minimum on Count 3. The sentence was also well below the statutory maximum sentence of life imprisonment available on Count 3.

On May 23, 2011, Yasin filed the instant pro se § 2255 motion, arguing he received ineffective assistance of counsel. Yasin contends his counsel was ineffective in (1) failing to file a notice of appeal, as requested by Yasin, (2) failing to explain the waiver contained in the plea agreement, (3) failing to argue at sentencing that the term of imprisonment imposed on all counts should run concurrently, and (4) advising him to plead guilty to Counts 1–3, as Yasin claims he is actually innocent of those charges. On July 14, 2011, the Government filed a response to Yasin's § 2255 motion, arguing the motion should be dismissed because it is untimely and because it is barred by the appellate and collateral review waiver provision of Yasin's guilty plea agreement. Yasin thereafter filed a reply brief.

## DISCUSSION

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Yasin does not identify any government-created impediment to his filing, and his claims are not based on a newly recognized constitutional right or newly discovered facts. Therefore, the one-year limitations period runs from the date his judgment of conviction became final.

Where a defendant does not file a direct appeal, his conviction becomes final when the time for filing such an appeal expires. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Although this Court sentenced Yasin on October 27, 2009, judgment was not entered until December 2, 2009. Because Yasin did not file a direct appeal, his conviction became final when the 14-day period in which to file a notice of appeal expired on December 16, 2009. *See* Fed. R. App. P. 4(b)(1)(A)(i).[2] Yasin therefore had until December 16, 2010, to file a timely § 2255 motion.

---

[2] Between the time this Court sentenced Yasin and the time judgment was entered in his case, Federal Rule of Appellate Procedure 4(b)(1)(A)(i) was amended to alter the period for filing a notice of appeal in a criminal case from 10 days (excluding intermediate Saturdays, Sundays, and legal holidays) to 14 calendar days. Under either version of the Rule, Yasin had until December 16, 2009, to file a notice of appeal.

The Government argues Yasin's § 2255 motion is untimely because it was not filed until May 23, 2011, more than five months past the end of the limitations period. Yasin maintains that although his motion was not docketed until May 2011, it should be deemed to have been filed on September 15, 2010, when he "plac[ed] his habeas petition in the prison mailbox." Def.'s Reply 1. In *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998), the Third Circuit Court of Appeals held "a pro se prisoner's habeas petition [or § 2255 motion] is deemed filed at the moment he delivers it to prison officials for mailing to the district court." In his reply brief, Yasin asserts he placed his motion in the prison mailbox on September 15, 2010, and his motion bears the handwritten date of September 15, 2010.[3] In these circumstances, the Court will treat Yasin's § 2255 motion as timely filed.

As to the Government's argument that Yasin's motion is barred by the collateral review waiver in his plea agreement, a criminal defendant "may waive both constitutional and statutory rights," including the right to appeal or to collaterally challenge his sentence, provided the waiver is entered into "voluntarily and with knowledge of [its] nature and consequences." *United States v. Mabry*, 536 F.3d 231, 236-37 (3d Cir. 2008). A waiver of collateral review rights, if entered into knowingly and voluntarily, is valid and enforceable unless enforcement of the waiver would work a miscarriage of justice. *See id.* at 244. When the Government invokes a waiver of collateral review rights to bar review of the merits of a defendant's claims, a court must consider (1) whether the waiver was knowing and voluntary; (2) "'whether one of the specific exceptions set forth in the agreement prevents the enforcement of the waiver;' *i.e.*, what is the scope of the waiver and does it

---

[3] In a May 18, 2011, cover letter to the Clerk of Court, Yasin explained he had just been informed his motion had never been filed and requested that the Clerk filed the motion as of the date it was signed.

bar . . . review of the issue pressed by the defendant"; and (3) "'whether enforcing the waiver would work a miscarriage of justice.'" *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (quoting *United States v. Jackson*, 523 F.3d 234, 243-44 (3d Cir. 2008)).

Although Yasin does not specifically argue his waiver of collateral review rights was not knowing and voluntary, he does challenge his counsel's failure to explain the waiver to him. *See* Def.'s § 2255 Mot. 6 (alleging counsel was ineffective for not explaining the waiver). Even assuming this assertion is true,[4] however, the record as a whole refutes any suggestion that Yasin's waiver was unknowing or involuntary. As an initial matter, the language of the appellate waiver provision in Yasin's guilty plea agreement—which Yasin admitted to having read and understood in its entirety—is extremely broad. In it, Yasin agreed to "voluntarily and expressly waive[] *all* rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law," subject to certain narrow exceptions. Guilty Plea Agreement ¶ 10 (emphasis added).

Moreover, at the change of plea hearing, this Court reviewed the guilty plea agreement, including the waiver provision, with Yasin in some detail, as required by Federal Rule of Criminal Procedure 11. *See* Fed. R. Crim. P. 11(b)(1)(N) (providing that before accepting a guilty plea, a court must "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence"). The

---

[4] In the plea agreement itself, Yasin represented he was "satisfied with the legal representation provided by [his] lawyer," and had "fully discussed this plea agreement" with his lawyer. Guilty Plea Agreement ¶ 12. At the change of plea hearing, Yasin reiterated that he was satisfied with his counsel's representation and advice and also stated he had read the guilty plea agreement from cover to cover, understood the agreement, and had no questions about it.

Court explained that under normal circumstances, Yasin would have a right to file a direct appeal and to later challenge his sentence by way of a habeas corpus motion, but that by pleading guilty, Yasin was giving up these rights. The Court also reviewed with Yasin the limited circumstances in which he would be permitted to appeal, notwithstanding the waiver. Yasin confirmed he understood the waiver and had no questions about it. These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Because the record as a whole amply demonstrates Yasin's waiver of his collateral review rights was knowing and voluntary, even if his counsel did not specifically explain the waiver to him, this Court finds the waiver was knowing and voluntary. *See United States v. Sabater*, 270 F. App'x 219, 221 (3d Cir. 2008) (holding defendant voluntarily, knowingly, and intelligently waived his appellate rights in his guilty plea agreement, notwithstanding his attorney's representation that he told the defendant he retained the right to appeal, where district court specifically questioned defendant on his understanding of the appellate waiver and explained the ramifications of the waiver during plea colloquy); *United States v. Robinson*, 244 F. App'x 501, 503 (3d Cir. 2007) (finding collateral review waiver was knowing and voluntary, notwithstanding defendant's allegation his trial counsel failed to properly explain waiver, where the record as a whole refuted defendant's argument).

This Court also concludes that Yasin's ineffective assistance of counsel claims are encompassed by the broad language of the waiver and that none of the narrow exceptions to the waiver applies. Because the Government did not appeal Yasin's sentence, the exception permitting Yasin to file a direct appeal of his sentence "if the government appeals from the sentence," Guilty Plea Agreement ¶ 10(a), is plainly inapplicable. The three remaining exceptions permit an appeal raising a claim that (1) Yasin's "sentence on any count of conviction exceeds the statutory maximum

for that count as set forth in paragraph 7," *id.* ¶ 10(b)(1), or that the sentencing court (2) "unreasonably departed upward pursuant to the Sentencing Guidelines," *id.* ¶ 10(b)(2), or (3) "imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court," *id.* ¶ 10(b)(3). Citing ¶ 10(b), Yasin notes the plea agreement allowed him to appeal under limited circumstances, Def.'s Reply 2; however, he offers no argument as to how any of the issues he seeks to raise on collateral review (or would have raised on direct appeal) fall within the ¶ 10(b) exceptions. Moreover, as Yasin's sentence was well below both the applicable statutory maximums and the advisory Guidelines range, and as the Court did not depart upward in imposing his sentence, these exceptions are inapplicable.[5]

Because Yasin's collateral review waiver was knowing and voluntary, and because Yasin's claims for relief are within the waiver's scope, the waiver bars this Court from reviewing the merits of Yasin's claims for relief unless enforcing it would work a miscarriage of justice. *See United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001). The Third Circuit has adopted a "common sense approach in determining whether a miscarriage of justice would occur if [a] waiver were enforced." *Mabry*, 536 F.3d at 242. Under this approach, a court should consider such factors as "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result' . . . before invalidating a waiver as involving a 'miscarriage of justice." *Id.* at 242-43 (quoting *United*

---

[5] As for the exception for "constitutional claims that the relevant case law holds cannot be waived," Guilty Plea Agreement ¶ 10, a panel of the Third Circuit Court of Appeals has commented that while the case law regarding this exception is "sparse," the exception appears to be "subsumed by the miscarriage of justice exception to the enforceability of a waiver," *United States v. Ladner*, 485 F. App'x 554, 557 (3d Cir. 2012), which is addressed in greater detail below.

*States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)). "Courts apply the miscarriage of justice exception sparingly and without undue generosity, but with the aim of avoiding manifest injustice." *United States v. Castro*, 704 F.3d 125, 136 (3d Cir. 2013) (internal quotation marks and citations omitted).

Consistent with this principle, the Third Circuit Court of Appeals has held enforcing a collateral review waiver would result in a miscarriage of justice in only limited circumstances. In *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007), the Third Circuit held that enforcing a collateral review waiver as to a claim that ineffective assistance of counsel prevented a defendant from filing a direct appeal expressly preserved in his guilty plea agreement would result in a miscarriage of justice. Although Yasin argues such is the case here, in fact, *Shedrick* is distinguishable. Like Yasin, the defendant in *Shedrick* pleaded guilty to the offense charged pursuant to a written guilty plea agreement containing a broadly worded appellate and collateral review waiver. *Id.* at 295. As in this case, the waiver permitted Shedrick to file an appeal raising a claim that the sentencing judge "erroneously departed upward from the otherwise applicable sentencing guideline range." *Id.* (quoting plea agreement). Because the sentencing judge had imposed an eight-level upward departure from the otherwise applicable Guidelines range, which Shedrick contested, Shedrick had an appellate issue not barred by the waiver. *See id.* at 297-98 & n.5. His attorney, however, failed to file an appeal. *Id.* at 297. When Shedrick thereafter sought collateral review, the Third Circuit declined to enforce waiver as to his claim that his attorney had been ineffective for failing to appeal the upward departure, holding "[e]nforcing a collateral-attack waiver where constitutionally deficient lawyering prevented Shedrick from . . . filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice." *Id.* at 298. Significantly, the court

9

distinguished counsel's failure to appeal the upward departure, a ground for appeal expressly preserved in the plea agreement, from his failure to appeal a sentencing enhancement to which Shedrick also objected, which was not, noting "[w]hile Shedrick has a right to appeal the District Court's upward departure under his plea waiver, the literal words of that waiver make clear that he has no concomitant right to appeal the enhancement." *Id.* at 298 n.5.

Here, in contrast, the issues Yasin asserts he wanted to raise on appeal were not expressly preserved in his plea agreement. In his § 2255 motion, Yasin alleges he wished to pursue on appeal arguments that (1) his plea was involuntary, (2) the district court abused its discretion in not running his sentence on all counts concurrently, and (3) he was actually innocent of the § 924(c) (Count 3) and § 1951 conspiracy (Count 1) charges. *See* Def.'s § 2255 Mot. 5. In his reply brief, Yasin also suggests he desired to assert on appeal that his plea was constitutionally invalid because the district court failed to inform him that the § 924(c) count required "active employment of the firearm" pursuant to *Bailey v. United States*, 516 U.S. 137 (1995). *See* Def.'s Reply 2-3. These issues are not encompassed by the exceptions to the waiver in Yasin's plea agreement, which permitted him to raise only certain specific sentencing issues. Hence, *Shedrick* is inapposite.

Yasin's claim regarding the consecutive sentence he received on Count 3, which is the only claim he appears to have brought to his counsel's attention,[6] is plainly foreclosed by the appellate

---

[6] In his § 2255 motion, Yasin asserts he specifically asked his counsel to file a notice of appeal, citing an October 30, 2009, letter that reads, in its entirety, as follows:
Tom:
  I am not satisfied that they ran my sentences consecutively. I was under the impression that it would be r[u]n concurrently. If I knew this was going to happen, I would never have plead out. I want you to file a notice of appeal so we can have the sentences consolidated.
                   Sammer Yasin

Def.'s § 2255 Mot. Ex. A.

waiver, as the sentence imposed was below even the statutory mandatory minimum for that Count. Moreover, this Court expressly advised Yasin during the change of plea hearing that he was facing a seven-year mandatory minimum consecutive sentence on this Count. Enforcing Yasin's collateral review waiver as to his claim his counsel was ineffective for failing to file a direct appeal on this issue as requested by Yasin "is in line with justice, not a miscarriage of it." *See Mabry*, 536 F.3d at 243-44 (enforcing a collateral review waiver as to a defendant's claim that his counsel was ineffective in failing to file a requested appeal challenging the calculation of the defendant's sentence, where the sentencing issues the defendant sought to raise on appeal were "insubstantial and clearly encompassed by the broad waiver").

Yasin does not claim to have asked his counsel to raise on appeal any of the other issues he identifies in his § 2255 motion. Moreover, even assuming these remaining appellate issues, which implicate the knowing and voluntary nature of Yasin's guilty plea, could have been raised on direct appeal notwithstanding the waiver,[7] Yasin has made no showing these issues were even potentially meritorious. *See Mabry*, 536 F.3d at 241-42 (declining to presume that defense counsel's failure to file a requested appeal is prejudicial in cases involving appellate waivers in favor of an approach that considers the validity of the collateral review waiver and whether enforcing it would work a miscarriage of justice). Yasin has not shown his plea was in fact involuntary (a claim which is refuted by his testimony at the change of plea hearing), or that he is actually innocent of either the

---

[7] Although the Third Circuit held in *Mabry* that enforcing a collateral review waiver as to a defendant's claim that his counsel was ineffective for failing to file a requested appeal would not work a miscarriage of justice where the issues the defendant sought to raise on appeal were "insubstantial and clearly encompassed by the broad waiver," the court acknowledged that "in certain unique factual situations not presented here," defense counsel's failure to file an appeal "even in the face of a waiver would result in a miscarriage of justice." *Id.* at 243 & n.17.

§ 924(c) or the § 1951 conspiracy charge, notwithstanding his representations to the contrary during the plea colloquy. Yasin also suggests that this Court's failure to advise him during the plea colloquy that under *Bailey v. United States*, a conviction for using a firearm during and in relation to a crime of violence "requires evidence sufficient to show an *active employment* of the firearm by the defendant," 516 U.S. at 142-43, rendered his plea "constitutionally invalid." Def.'s Reply 2-3. However, Yasin was charged with and convicted of not only the substantive offense of carrying and using a firearm during and in relation to a crime of violence but also aiding and abetting the commission of the substantive offense. Yasin does not provide any explanation for how he is actually innocent of aiding and abetting the § 924(c) offense, having admittedly supplied a gun his co-conspirators used during the robbery.[8] In these circumstances, the Court concludes enforcing Yasin's collateral review waiver as to his claim his counsel was ineffective for failing to file a requested appeal would not result in a miscarriage of justice.

Yasin's remaining ineffective assistance of counsel claims concern his attorney's alleged failure to explain the waiver to him, failure to argue at sentencing that his sentence should run concurrently on all counts, and advice to Yasin to plead guilty to the § 924(c) and § 1951 charges, of which Yasin claims he is actually innocent. Yasin has made no effort to demonstrate that enforcing his collateral review waiver as to these claims would result in a miscarriage of justice, and the Court perceives no manifest injustice that would result if the waiver were enforced as to any of

---

[8] At the change of plea hearing, the prosecutor summarized the facts regarding the robbery and Yasin's role therein. The prosecutor stated that Yasin had planned the robbery with another codefendant and had agreed to recruit additional individuals to carry out the robbery. Although Yasin did not enter the restaurant during the robbery, he drove the getaway car, and the robbers used a gun that belonged to him to commit the crime. Following the prosecutor's factual recitation, Yasin stated he could not say what had happened inside the restaurant, but he agreed the recitation was otherwise accurate.

them. Even assuming Yasin's attorney did not explain the waiver to him, Yasin has not shown he was prejudiced by this lapse where he testified at the change of plea hearing that he had read the guilty plea agreement in its entirety, understood it, and had no questions about it, and where this Court reviewed the waiver and its extremely limited exceptions with Yasin, who stated he understood and had no questions about the Court's explanation. Yasin also has made no showing he is actually innocent of any of the charges to which he pleaded guilty. Finally, although Yasin maintains his attorney was ineffective for failing to argue at sentencing that his sentence on the § 924(c) count should run concurrently with his sentence on the remaining counts, in fact, in his sentencing memorandum, Yasin's counsel advocated an overall sentence of "no more than thirty months incarceration" with no portion to be served consecutively. Yasin's Sentencing Mem. 8. Moreover, Yasin has not shown there is a reasonable probability that, had his counsel argued for concurrency, this Court would have imposed a different sentence.[9]

Upon review of the record of the prior proceedings in this case, and for the reasons set forth above, this Court concludes (1) Yasin agreed to waive his collateral review rights knowingly and voluntarily; (2) the claims he seeks to raise in the instant § 2255 motion are within the scope of

---

[9] In addition, although the Third Circuit has not addressed the issue, several other circuits have held collateral review waivers are enforceable as to claims of ineffective assistance of counsel at sentencing. *See, e.g., Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (collecting circuit court cases so holding and concluding a knowing and voluntary sentence appeal waiver "precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing," noting "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless"); *cf. United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999) (holding a defendant's "garden-variety attacks on his sentence he wants to raise, in the guise of a claim of ineffective assistance of counsel, are exactly the sort of claims he knowingly and intelligently waived his right to present by [waiving his appellate rights]") (cited approvingly in *Shedrick*, 493 F.3d at 298 n.6).

Yasin's waiver; and (3) enforcing the waiver would not work a miscarriage of justice in the circumstances of this case. Accordingly, Yasin's § 2255 motion will be dismissed based on the collateral review waiver in his guilty plea agreement.

An appropriate order follows.

BY THE COURT:

Juan R. Sánchez, J.